## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**DAKODA DAVIS**                                                          **PLAINTIFF**

**v.**                            **CASE NO. 2:24-CV-00168-BSM**

**FARKHANDA JOHN,** *et al.*                                             **DEFENDANTS**

### ORDER

Defendants Z-T Express Inc. and Farkhanda John's motion for partial summary judgment [Doc. No. 39] is granted.

### I. BACKGROUND

Dakoda Davis is suing Z-T Express and its driver, Farkhanda John, for an accident she had with John.  Statement Facts Supp. Pl.s' Resp. Def. Mot. Partial Summ. J. (SUMF), Doc. No. 51 ¶ 1.  Davis is suing Z-T express for negligent entrustment; negligent training, supervision, and hiring; and for failure to use ordinary care based on John's actions.  *Id.* ¶ 8.  Z-T Express admits that John was acting in the course and scope of her employment at the time of the accident.  *Id.*  ¶ 9.  Z-T Express and John are moving for partial summary judgment on Davis's direct-negligence claims against Z-T Express.

### II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not

rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

Summary judgment is granted on Davis's direct-negligence claims against Z-T Express because Z-T Express has admitted it is vicariously liable for John's actions. *Elrod v. G & R Const. Co.*, 628 S.W.2d 17, 18–19 (Ark. 1982). When a principal admits it is responsible for the actions of its agent, the plaintiff may not proceed on other theories of recovery. *Id.* Consequently, although Davis alleges that Z-T Express is liable for its own negligent actions, he is precluded from going forward on those theories since Z-T Express has admitted John was acting in the scope of her employment at the time of the accident. Answer, Doc. No. 7 ¶ 12. Although Davis cites cases from Georgia, Utah, and Tennessee showing that those states no longer follow rulings similar to *Elrod* because those states have passed comparative fault statutes, he has failed to point to a similar ruling in Arkansas. Br. Supp. Pl.'s Resp. Def.s Mot. Partial Summ. J., Doc. No. 53 at 3–18. Consequently, *Elrod* appears to be good law. Davis also argues that his claims are an exception to the ruling in *Elrod* because he is seeking punitive damages and his claims relate to Z-T Express's policies. Davis Br. at 19. Although *Elrod* would not apply if Davis sought damages based on Z-T

2

Express's violation of its policies or if Davis had a punitive damages claim against Z-T Express for its direct negligence, *see Regions Bank v. White*, No. 4:06CV01475 JLH, 2009 WL 3148732 (E.D. Ark. Sept. 24, 2009); *Wheeler v. Carlton*, No. 3:06 CV 00068 GTE, 2007 WL 30261 (E.D. Ark. Jan. 4, 2007), Davis pleads neither of these in his complaint. Doc. No. 6.

## IV. CONCLUSION

For these reasons, Z-T Express and John's motion for partial summary judgment is granted and Davis's direct-negligence claims against Z-T Express are dismissed.

IT IS SO ORDERED this 18th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE