IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**DAKODA DAVIS**                                                    **PLAINTIFF**

**v.**                          **CASE NO. 2:24-CV-00168-BSM**

**FARKHANDA JOHN,** *et al.*                                        **DEFENDANTS**

<u>ORDER</u>

Defendants Z-T Express Inc. and Farkhanda John's motion for summary judgment [Doc. No. 48] is denied. Dakoda Davis's motion for leave to disclose rebuttal expert witnesses [Doc. No. 69] is granted and Davis's motion for leave to file supplemental expert reports [Doc. No. 71] is granted.

## I. BACKGROUND

Dakoda Davis is suing Z-T Express and its driver, Farkhanda John, for an accident he had with John.  Statement Facts Supp. Pl.s' Resp. Def. Mot. Summ. J. (SUMF), Doc. No. 61 ¶ 1.  Davis collided with non-party Warren Thomas, lost control of his car and then collided with John, who was driving her tractor-trailer directly behind Thomas  *Id.* ¶ 8;  MSJ, ex. 1, Accident Report.   The parties dispute whether Davis's collision with Thomas is a separate accident from his collision with John.  *Id.* ¶ 3.  Davis is suing John for negligence and imputes liability to Z-T Express, which admits that John was acting in the course and scope of her employment at the time of the accident. *Id.*  ¶ 9.  Z-T Express and John are moving for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material

fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Defendants' motion for summary judgment is denied. To overcome summary judgment, Davis must simply show that there are material disputes of fact as to whether John owed him a duty, John breached that duty, and whether the breach was the proximate cause of Davis's injuries. *Duran v. Sw. Arkansas Elec. Coop. Corp.*, 537 S.W.3d 722, 726 (Ark. 2018). Davis has met this low burden.

A.      Duty

At the time of the collision between John and Davis, John had a duty to exercise ordinary care in the operation of her truck and to keep a constant lookout to avoid injury to others. *Bennett v. Snyder*, 227 S.W. 402, 403 (Ark. 1921); *Yocum v. Holmes*, 258 S.W.2d 535, 538 (Ark. 1953). This standard required John to have her vehicle under such control as to be able to check its speed or stop it, if necessary, to avoid damage to herself or others.

*John Cheeseman Trucking, Inc. v. Dougan*, 853 S.W.2d 278, 282 (Ark. 1993) (citing

Arkansas Model Instruction 901).  The undisputed evidence is that John was suddenly and

unexpectedly confronted with danger to herself that was not caused by her own negligence.

For this reason, she was not required to use the same judgment that is required in calmer

more deliberate moments; but only that of which a reasonably careful person would use in

the same situation.  *East Texas Motor Freight Lines, Inc. v. Freeman*, 713 S.W.2d 456, 460

(Ark. 1986) (citing Arkansas Model Instruction 614).

Davis argues that John owed a heightened standard of care under the Federal Motor

Carrier Safety Administration (FMCSA) regulations.  Pl. Br. Supp. Resp. Mot. Summ. J. at

3 (Davis Br.), Doc. No. 59.  Davis cites to chapter 49 of the Code of Federal Regulations

sections 392.2, 383.111, and 392.14 to support his assertion.  Although section 392.2 states

that if the FMCSA provides a heightened standard of care in certain circumstance, those

circumstances are not present.  Indeed, section 383.111 provides an extensive list of required

knowledge a CMV operator must have and section 392.14 provides that extreme caution

must be used in hazardous condition.  Nothing in the record, however, indicates, and the

parties have not argued, that they faced hazardous conditions at the time of the accident.

Thus, John was required to exercise ordinary care.  *Bennett v. Snyder*,  227 S.W. 402, 403

(Ark. 1921).

B.    Breach and Negligence Per Se

Defendants argue that John did not breach her duty because she was simply present

on the road when Davis struck her.  I am sympathetic to this argument; however, this issue

presents a question of fact for the jury to decide. *Regions Bank & Tr. v. Stone Cnty. Skilled Nursing Facility, Inc.*, 49 S.W.3d 107, 113 (Ark. 2001).

Although not entirely clear, it seems that Davis also claims John was negligent per se because she violated Arkansas Code Annotated section 27-51-305 which provides that drivers shall not follow too closely. This is unpersuasive because a violation of a statute is only evidence of negligence and does not constitute negligence per se. *Central Oklahoma Pipeline, Inc. v. Hawk Field Servs., LLC*, 400 S.W.3d 701, 712 (Ark. 2012)

C.      Proximate Cause

Defendants next argue that there is insufficient evidence to support that John proximately caused Davis's injuries. Br. Supp. Mot. Summ. J. at 8 (Def. Br.), Doc. No. 49. In response, Davis points to an expert report which establishes that had John met her standard of care the accident would not have occurred. SUMF, Ex. C, Report of Roger Allen; *see also* Affidavit, Doc. No. 79. Proximate cause is a natural and continuous sequence, unbroken by any efficient intervening cause which produces injury, and without which the result would not have occurred. *Barriga v. Arkansas & Missouri R. Co.*, 87 S.W.3d 808, 810 (Ark. 2002). Because reasonable minds could differ as to whether John was the proximate cause of Davis's injuries, it is a question for the jury. *Id.*

4

## IV. CONCLUSION

For these reasons, Z-T Express and John's motion for summary judgment is denied.

IT IS SO ORDERED this 20th day of July, 2026.

_____
UNITED STATES DISTRICT JUDGE