**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**DAKODA DAVIS** **PLAINTIFF**

**v.** **CASE NO. 2:24-CV-00168-BSM**

**FARKHANDA JOHN, *et al.*** **DEFENDANTS**

# ORDER

Defendants' motion in limine regarding the application of Arkansas Code Annotated section 16-64-120 (Act 28) [Doc. No. 98] is granted and Dakota Davis is precluded from introducing any evidence of, or making reference to, medical expenses "that no one is legally responsible for paying, whether by operation of law or because they were written off, reduced, or adjusted." *Said v. Gogel*, Case No. 4CV-23-3364, Benton County Circuit (Order dated July 27, 2026). Davis is also precluded from introducing evidence of medical procedures and treatments without supporting testimony that the procedures and treatments were reasonable and necessary. *Bell v. Stafford*, 284 Ark. 196, 199, 680 S.W.2d 700, 702 (1984); *Volunteer Transport, Inc. v. House*, 357 Ark. 95, 104, 162 S.W.3d 456, 461 (2004); *Westside Loft Apartments v. Fowler*, 2026 Ark. App. 160, at 7, 732 S.W.3d 41, 48.

Although the issues presented in the filings [Doc. Nos. 98, 108-110] beg for a more detailed analysis, I am guided by Judge Leon Holmes's admonition that "lawyers will forgive you for making the wrong decision because they can adjust, or appeal you, but they will not forgive you for failing to make a decision." This case is set for trial in six days, on the Tuesday after Labor Day, and the briefing has just concluded. Consequently, this ruling is

short and to the point, and extensively quotes other rulings.

As explained by Judge Susan Hickey:

> Historically, a plaintiff injured by the negligence of another was entitled to recover from the wrongdoer the reasonable value of the medical treatment reasonably required by the injury and not the amount actually paid by plaintiff. However, because of the recent statutory amendment, a plaintiff in Arkansas is now only allowed to recover the amount that was actually paid or charged.

*Horn v. Taylor*, No. 23-CV-5018 at *2 (W.D. Ark. Aug. 9, 2025). Noting that Act 28 was adopted after the accrual of the injury in that case, she further determined that Act 28 applies retroactively. *Id.* at *4. In so doing, she acknowledged that statutes are presumed to apply prospectively unless the legislature expressly states otherwise, and that Act 28 does not specifically state that it is to be applied retroactively. *Id.* Notwithstanding these points, Judge Hickey concluded that Act 28 is remedial because it merely supplies "a new or more appropriate remedy to enforce an existing right or obligation." *Id.* at *3 (*citing Cauffiel v. Progressive Eldercare*, 635 S.W. 3d 1, 10 (Ark. App. 2021). Indeed, she pointed out that "a modification of remedies is generally considered a valid area of retroactive legislation [because] no man has a vested right to a particular remedy." *Id.* at *3-4 (*citing Forrest City Mach. Works v. Aderhold*, 616 S.W. 2d 720, 725 (Ark. 1981) (citations omitted). Finally, Judge Hickey concluded that the "Act provides a substitute remedy for the negligence claim [and] Plaintiffs do not have a vested right in a particular remedy such as how medical damages are calculated." *Id.* at *4.

Act 28 was adopted after Davis's cause of action accrued, and although Davis cites to a Pulaski County Circuit Court decision holding that Act 28 does not apply retroactively,

*see Remely v. Walmart, Inc.*, Case No. 60CV-24-2808, Pulaski County Circuit, Sixth Division (Order dated January 2, 2026), defendants cite to a number of other cases holding that it does apply retroactively, *see e.g. Godfrey v. Hogan Dedicate Services*, Case No. 23CV-23-1116, Faulkner County Circuit, Third Division (Order dated September 10, 2025); *Anderson v. Wayne Farms*, Case No. 75SCV-20-61, Yell County Circuit, Order dated January 21, 2026); *Said v. Gogel*, Case No. 4CV-23-3364, Benton County Circuit (Order dated July 27, 2026).

Based on the parties' filings, the more compelling view is that Act 28 applies retroactively because it is a remedial statute that merely supplies a more appropriate remedy to an existing right; it does not curtail the right itself. This is true because Davis maintains the right to sue for his injuries.

Finally, Davis's arguments that Act 28 violates Arkansas Constitution Article 5, Section 32 because it limits the amount he can recover for his personal injuries is very interesting but does not carry the day because Act 28 is not a damages cap as contemplated by the constitution. *See, e.g., Bayer Cropscience v. Schager*, 2011 Ark, 518, 385 S.W. 3d. 822 (holding cap limiting punitive damages award unconstitutional). Unlike the unconstitutional law that placed a cap on punitive damages, Act 28 does not limit the amount

of damages Davis can receive. Instead, it merely prescribes the method of calculating damages.

IT IS SO ORDERED this 3rd day of September 2026.

Brian S. Miller
UNITED STATES DISTRICT JUDGE